875 F.2d 317
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Lewis MUNIZ, Defendant-Appellant.
 No. 88-5142.
 United States Court of Appeals, Fourth Circuit.
 Argued March 9, 1989.
Decided: May 19, 1989.
Rehearing and Rehearing In Banc Denied June 19, 1989.
 
 V. Britt Richardson, Jr. (Howard, Leino & Howard, P.C., on brief), for appellant.
 Justin W. Williams, Assistant United States Attorney (Henry E. Hudson, United States Attorney; Robert DeBella, Third-Year Law Student, on brief), for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and ROBERT J. STAKER, United States District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 William Lewis Muniz appeals from the judgment of the district court sentencing him to imprisonment for one year after a jury convicted him of perjury in violation of 18 U.S.C. Sec. 1623. We affirm.
 
 
 2
 On May 27, 1986, Muniz testified under oath as a government witness in a federal firearms violation prosecution. Donald Stenger, the defendant in that case, was charged with conspiracy to possess and to transfer unregistered firearms. To convict Stenger, the government had to prove that he unlawfully converted and modified an Uzi nine-millimeter carbine firearm to fire in a fully-automatic mode. Muniz was a key witness against Stenger because he had overheard Stenger make an incriminating statement.
 
 
 3
 In March 1985, Muniz met with Agent Edward Wetterman of the Bureau of Alcohol, Tobacco and Firearms who was investigating Stenger. Muniz told Agent Wetterman that Stenger was involved in "converting" firearms. Muniz specifically described an incident in February 1982 when he, Stenger, and another man were firing an Uzi machine gun in a dry riverbed area behind a house in Tucson, Arizona. Muniz told the agent that, while he was firing the gun, it jammed. He then told the agent the key admission that Stenger made to Muniz. Wetterman testified at Muniz' perjury trial: "At this point, Mr. Muniz said Mr. Stenger told him that the firearm jammed because of the cheap ammunition that they were using, and not as a result of Mr. Stenger's conversion of that firearm to fully automatic."
 
 
 4
 Agent Wetterman also testified at Muniz' trial that he made notes of his conversation with Muniz and reviewed those notes with Muniz on several occasions. The day after the interview, Muniz provided the same information to Wetterman in a telephone conversation. In a later telephone conversation, Muniz confirmed the information he had previously given to Wetterman about Stenger. The day before Stenger's trial in May 1986, Muniz again told the same story to Wetterman, including what Stenger had said, with the single exception that Muniz then claimed that, during the February 1982 machine gun firing, he never fired the Uzi machine gun. Muniz also met with Assistant United States Attorney Karen Tandy, the prosecutor in the Stenger case, on the day before trial. Testifying at Muniz' trial, Tandy stated that Muniz told her that Stenger told him that the machine gun had jammed not because of the modifications that Stenger had made but because of the cheap ammunition that they were using.
 
 
 5
 At the Stenger trial, Tandy questioned Muniz about the 1982 incident:
 
 
 6
 Q. Mr. Muniz, what else did Mr. Stenger say about the machine gun after it jammed?
 
 
 7
 A. He had told--the only thing I remember him saying directly to me was that it was the cheap bullets, the copper bullets that were jamming in the barrel or whatever you call it, the mechanism and it was keeping the gun from firing. And you could only fire four or five or six shots, I don't know and it would jam. It went through two or three cycles on that trying to clear out the bullets; and that's what he was trying to get the thing to fire.
 
 
 8
 Q. Mr. Muniz, isn't it a fact that Mr. Stenger said to you that the jamming of the machine gun--
 
 
 9
 * * *
 
 
 10
 * * *
 
 
 11
 Q. That the jamming of the machine gun was not the result of the modifications that he had made to that Uzi but because of the cheap ammunition?
 
 
 12
 A. Yes, he may have said that. I don't know if he said--modifications that he made. It was the modification to the gun. Jimmy was running the whole show.
 
 
 13
 During cross-examination, Stenger's attorney asked Muniz, "Did Mr. Stenger ever tell you that he converted the firearms that Mr. Marquez had?" Muniz responded, "No, he did not." Without supporting testimony by Muniz, the government states that it was unable to prove its case, and the district court granted a directed verdict in favor of Stenger.
 
 
 14
 Muniz was indicted on counts of perjury and obstruction of justice. The district court denied his motion to dismiss the indictment, see United States v. Muniz, 690 F.Supp. 482 (E.D.Va.1988), and the jury returned a verdict of guilty on the perjury charge and not guilty on the obstruction charge. On appeal, Muniz contends that his testimony in the Stenger trial was not material, that the government failed to prove perjury, and that the district court erred in denying his motion to dismiss the indictment for pre-indictment delay.
 
 
 15
 We find no merit to any of Muniz' arguments. His testimony during Stenger's trial was material in that it was "capable of influencing" the factfinder's decision. See United States v. Flowers, 813 F.2d 1320, 1325 (4th Cir.1987). Without Muniz' testimony concerning Stenger's incriminating statement, the government was incapable of linking Stenger to the firearms conspiracy. We conclude that the government successfully proved its perjury case against Muniz in all other respects. See United States v. Friedhaber, 856 F.2d 640, 642 (4th Cir.1988) (en banc). Finally, we agree with the district court that Muniz has failed to show any actual prejudice as a result of the pre-indictment delay. See United States v. Automated Medical Laboratories, 770 F.2d 399, 403-04 (4th Cir.1985).
 
 
 16
 The judgment of the district court, therefore, is affirmed.
 
 
 17
 AFFIRMED.